## IN THE UNITED STATES DISTRICT COURT
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| _____ ) | |
| JOHN HICKS, et al., ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | No. 2:09-cv-155-WKW |
| ) | |
| GARY HETZEL, ) | |
| Warden of W.E. Donaldson ) | |
| Correctional Facility, et al., ) | |
| ) | |
|     Defendants. ) | |
| _____ ) | |

## MOTION FOR EXPEDITED DISCOVERY AND
## ENTRY UPON LAND FOR INSPECTION AND OTHER PURPOSES

Pursuant to Fed. R. Civ. P. 26(d) and 34, Plaintiffs

respectfully seek permission to conduct limited, expedited

discovery before the parties' Rule 26 conference.  Specifically,

Plaintiffs ask the Court to permit Plaintiffs' correctional

security expert, Steve J. Martin, to inspect Donaldson

Correctional Facility during one business day during the weeks

of April 20 or May 11.  Plaintiffs further seek leave to serve

on Defendants a request for production of documents, the

response to which will enable Mr. Martin to prepare for his

inspection.  Plaintiffs have asked the Defendants to meet and

confer pursuant to Rule 26 for the purpose of arranging this

inspection, but Defendants have not responded to Plaintiffs'

request to schedule the Rule 26 conference.[1]  Plaintiffs

therefore seek the Court's intervention.

Plaintiffs seek an expedited order for entry on land and

limited written discovery for four reasons:  *First*, Plaintiffs'

health and safety are at risk due to the dangerous and

unsanitary conditions at Donaldson.  In the last several months

there have been a number of critical incidents at the prison,

including: (1) a stabbing (March 30, 2009); (2) another stabbing

(March 27, 2009); (3) an assault on an inmate (March 6, 2009);

(4) a suicide (February 18, 2009); (5) a serious assault on an

inmate, causing him to urinate blood and requiring

hospitalization (January 28, 2009); (6) a stabbing resulting in

an inmate suffering two punctured lungs (December 24, 2008); (7)

and an incident in which a handcuffed prisoner was beaten

unconscious by an officer with a history of using excessive

force (December 12, 2008).  These are but a few examples

illustrating the chaotic and dangerous environment at Donaldson.

Granting Plaintiffs access to Donaldson will shed light on

---

[1]     Plaintiffs sought permission from Defendants to have
Plaintiffs' correctional security expert enter Donaldson by
letters of February 26, February 27, and March 18.  On March 18,
Plaintiffs' counsel asked Defendants to conduct a Rule 26(f)
conference and proposed numerous dates for this conference.
Defendants have not responded to this request.

conditions there, permitting Plaintiffs to take immediate steps to protect members of the putative class.

*Second*, officers, like inmates, are at imminent risk of physical harm at Donaldson.  Attached in support of this motion is a declaration by the President of the Alabama Correctional Organization, an organization of over 500 persons employed or formerly employed by the Alabama Department of Corrections.  The declaration characterizes the situation at Donaldson as "a ticking time bomb," endangering inmates and officers.

*Third*, permitting expedited discovery will encourage the speedy and efficient resolution of this case by giving both parties a concrete and accurate picture of conditions on the ground at Donaldson.

*Fourth*, Plaintiffs seek expedited discovery to document the conditions that gave rise to this lawsuit.  Plaintiffs attach to this motion two photographs of a cell at Donaldson; these photographs give a sense of the conditions at the prison before this suit was filed.[2]  Defendants are currently making structural changes to the prison, including the removal of three-man cells. While these changes are welcome, Plaintiffs are entitled to present the Court with evidence of conditions at the facility at the time this lawsuit was filed.

_____

[2]    See Exhibit 1 (photographs of three-man cell at Donaldson taken in 2007 and obtained in other litigation).

3

## FACTS

**Procedural History**

    1.    *Complaint*

    In this civil rights action, filed on February 26, 2009, Plaintiffs challenge the deplorable and dangerous conditions at Donaldson Correctional Facility.  Plaintiffs brought this action on behalf of themselves and others similarly situated, seeking injunctive relief, pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

    As of February 2009, Donaldson housed 1,709 men – over 700 more people than it was designed to hold at its maximum capacity.[3]  The men at Donaldson are packed so tightly into cellblocks that the tension and volatility caused by lack of space results in weekly stabbings, fights, and assaults.  In addition, Donaldson is acutely understaffed, leaving correctional officers unable to provide appropriate security.[4] The potential for violence at Donaldson is exacerbated by the absence of appropriate security measures, the ready availability to inmates of weapons, cell phones, and drugs inside the prison, the dearth of work, vocational, or other activities, unbearably

---

[3]    See Ala. Dep't of Corr. Feb. 2009 Monthly Statistical Report at 3.

[4]    Defendants' Answer acknowledges that as of December 2008, Donaldson "was short 82 correctional security staff out of a total authorized number of 302."  Answer ¶ 32.

hot temperatures during the summer, and the dilapidated condition of prison buildings.

As a result of these conditions and the Defendants' deliberate indifference to them, an atmosphere of chaos and volatility reigns at Donaldson.  Stabbings and beatings have left prisoners with slit throats, punctured livers, pierced lungs, loss of vision, paralysis, disfigurement, and other injuries, as well as psychological trauma.  In the Complaint, Plaintiffs cited a number of such incidents, many of which were confirmed in Defendants' Answer to the Complaint.[5]

2.    *Motion for Class Certification*

On March 13, 2009, Plaintiffs filed a motion for class certification requesting an order certifying a class comprised of all men who are currently, and who in the future will be, incarcerated at Donaldson.

**Plaintiffs' Correctional Security Expert**

Plaintiffs have engaged Steve J. Martin, one of the nation's foremost experts in correctional security, to provide an opinion regarding conditions and security at Donaldson.[6]  Mr. Martin has 37 years of experience in corrections and law enforcement.  He worked as a correctional officer, probation

---

[5]    See Answer ¶¶ 57 a, c-f, j-p, r, t-u, x-y, z-jj, ll-mm, oo, ss, zz.

[6]    See Decl. and Curriculum Vitae of Steve J. Martin (Ex. 2).

officer, and parole officer in Texas.  He served as the
Executive Assistant to the Commissioner of the Texas Department
of Corrections, an operations position and the third ranking
position in the Department.  He is also the former General
Counsel of the Texas prison system.  Mr. Martin is currently
employed in private practice as a corrections consultant.  In
that capacity, he frequently serves as an expert for the United
States Department of Justice in prison and jail conditions
cases.  Mr. Martin has worked as a corrections consultant in
more than 35 states and has visited or inspected more than 500
confinement facilities in the United States.

Mr. Martin is prepared to conduct an inspection at
Donaldson during one business day on the week of April 20 or May
11.  In a declaration attached to this Motion, Mr. Martin opines
that it is vital for him to conduct an on-site inspection at
Donaldson as soon as possible.[7]

**Alabama Correctional Organization**

In further support of this motion, Plaintiffs attach a
Declaration of the elected president of the Alabama Correctional
Organization ("ACO") (Exhibit 3).  The ACO is an organization of
approximately 500 current and former employees of the Alabama
Department of Corrections ("ADOC").  The President of the ACO
states that the combination of overcrowding and understaffing at

---

[7]    See Martin Decl. ¶ 8.

6

Donaldson has led to a dangerous environment for both officers

and inmates, and that "[o]ur members at Donaldson and other

prisons are being placed at risk on a daily basis."[8]

Specifically, the President of the ACO states:

> Overcrowding and understaffing has reached a crisis point
> in the Alabama Department of Corrections. Without
> intervention and relief, a number of prisons in the system,
> including Donaldson, can appropriately be characterized as
> a ticking time bomb.[9]

Given the dire conditions at Donaldson, "the ACO supports

efforts by the Plaintiffs in this case to permit an outside

prison security expert to conduct an immediate, full, and

thorough investigation into the living and working conditions at

Donaldson."[10]

## ARGUMENT

I.    **EXPEDITED DISCOVERY IS NECESSARY AND APPROPRIATE IN
      THIS CASE TO PROTECT THE HEALTH AND SAFETY OF MEMBERS
      OF THE PLAINTIFF CLASS.**

Although the Federal Rules of Civil Procedure typically

require parties to meet and confer prior to the commencement of

discovery, see Rule 26(f), the Rules permit a Court to grant

expedited discovery in the Court's discretion.  See Fed. R. Civ.

P. 26(d)(1) ("A party may not seek discovery from any source

before the parties have conferred as required by Rule 26(f),

---

[8]     See ACO Decl. ¶ 16.

[9]     See ACO Decl. ¶ 15.

[10]    See ACO Decl. ¶ 17.

except...by court order."). Courts have exercised their discretion to grant expedited discovery upon a showing of "good cause." See, e.g., Quest Commc'n Int'l, Inc. v. Worldquest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003) (party seeking expedited discovery in advance of Rule 26(f) conference has burden of showing good cause for the requested departure from usual discovery procedures); Giltane v. Tennessee Valley Auth., 2009 WL 230594 *2 (E.D. Tenn. Jan. 30, 2009) (showing of good cause necessary to justify expedited discovery).

"Good cause" for expedited discovery may be shown in cases involving challenges to the constitutionality of government action, see Ellsworth Assoc., Inc. v. United States, 917 F. Supp. 841, 844 (D.D.C. 1996) ("[C]ourts have routinely granted expedited discovery in cases involving challenges to constitutionality of government action"), or where time is of the essence in securing access to discovery, see Quest Commc'n Int'l, 213 F.R.D. at 419 (recognizing expedited discovery may be appropriate if "physical evidence may be consumed or destroyed with the passage of time"). Moreover, where health and safety are at stake, expedited discovery may be granted to further resolution of the matter. See, e.g., Belle v. Stapler, 2006 WL 3792038 *1 (D. Ariz. Dec. 21, 2006) (noting court's denial of preliminary injunction but grant of expedited discovery in case involving denial of medical care to prisoner); Order Granting

8

Motion for Expedited Discovery, Leatherwood v. Haley, Civil

Action No. 7:02-cv-02812-KOB [Doc. No. 5] (N.D. Ala. Nov. 26,

2002)(granting Plaintiffs' request, well in advance of the time-

frame provided by Fed. R. Civ. P. 26(f), for expedited access to

medical records of prisoners denied constitutionally adequate

medical care for HIV/AIDS).

Plaintiffs in this case can show good cause for expedited

discovery for three reasons:

First, Plaintiffs' health and safety are in jeopardy.

Conditions at Donaldson pose an immediate risk to Plaintiffs and

other putative class members, and time is of the essence in

responding to this risk.  See Compl. ¶¶ 5-8, 40-46, 57, 65-67.

The safety of officers is also at stake.  See ACO Decl. ¶ 9, 12.

Second, Plaintiffs should be permitted to document

conditions at the prison as early as possible in this

litigation, before Defendants have changed them.  The conditions

at the time this lawsuit was filed are pertinent since

"[v]oluntary cessation of a challenged practice rarely moots a

federal case."  City News and Novelty, Inc. v. City of Waukesha,

531 U.S. 278, 284 n. 1 (2001); Sierra Club v. EPA, 315 F.3d

1295, 1303 (11th Cir. 2002) ("Where a defendant voluntarily

ceases challenged conduct, the case is not moot because nothing

would prevent the defendant from resuming its challenged

9

action."). Plaintiffs should be permitted an opportunity to document conditions that gave rise to the Complaint.

Third, a limited amount of expedited discovery imposes a minimal burden on Defendants. Plaintiffs are entitled, under Rule 34, to inspect Donaldson; in this motion they simply ask the Court to permit them access sooner rather than later. In addition, the documents that Plaintiffs' expert seeks to review are maintained by the Defendants in the regular course of business and are readily accessible. See Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276-77 (N.D. Cal. 2002)(granting expedited discovery where "benefit to the administration of justice" outweighed "the possible prejudice or hardship on [d]efendants"). In addition, the request for entry and inspection of Donaldson will require limited time, since the inspection will be conducted in a single day. Giltane v. Tennessee Valley Auth., 2009 WL 230594 *2 (E.D. Tenn. Jan. 30, 2009) (finding that granting  plaintiffs access to site damaged by ash spill, which was undergoing clean up, "would not create an undue burden on the defendant"). Finally, Plaintiffs will further minimize the burden on Defendants by paying for the cost of copying pertinent documents.

## II.  THIS COURT SHOULD PERMIT PLAINTIFFS' EXPERT TO INSPECT DONALDSON ON AN EXPEDITED BASIS.

Federal Rule of Civil Procedure 34(a)(2) states:

a party may serve on any other party a request within the scope of Rule 26(b) . . .to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample, the property or any designated object or operation on it. (emphasis supplied).

For the reasons set forth above and pursuant to Rule 34, Plaintiffs request that this Court grant Plaintiffs permission to enter and inspect Donaldson on an expedited basis.  See Johnson v. Bd. of Regents of Univ. of Ga., 263 F. 1234, 1269 (11th Cir. 2001) (courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling.")  Plaintiffs' proposed Notice of Entry on Land for Inspection and Other Purposes is attached as Exhibit 4.

## III. THIS COURT SHOULD REQUIRE DEFENDANTS TO ANSWER LIMITED WRITTEN DISCOVERY ON AN EXPEDITED BASIS.

Plaintiffs also seek this Court's permission to serve a request for production of documents, the response to which will permit Plaintiffs' expert to prepare for his inspection of Donaldson.[11]  In his attached declaration, Mr. Martin asks to review the following documents to prepare for the site visit:

---

[11]    Plaintiffs' *Request for Production of Documents* is attached as Exhibit 5.

11

1. Current inmate roster for Donaldson.

2. Daily "inmate sheet" or census for Donaldson for the 1st and 15th day of each month for the past 12 months.

3. The log used to document contraband taken from inmates for the past 6 months.

4. The facility "grievance log" documenting all complaints made by inmates at Donaldson to any employee of the Department of Corrections for the past three months.

5. All institutional incident reports (including any accompanying photographs) regarding incidents at Donaldson for the past 12 months.

6. Documents pertaining to staffing at Donaldson, including:

    a. The master staff roster for Donaldson;

    b. Document(s) reflecting the amount of overtime worked by security personnel for the past 12 months;

    c. The roster reflecting officers on each shift at Donaldson for the first seven days of March 2009;

    d. Documents reflecting double-shifting statistics for Donaldson for the past 12 months;

    e. The most recent analysis and/or study of staffing at Donaldson.

7. Donaldson's inmate rule book.

8. The floor plan of Donaldson and documents reflecting Donaldson's housing unit designations by

custody/classification level (may be reflected on inmate count sheets).

9. The infirmary/emergency log reflecting all instances in which inmates were sent to the infirmary or to emergency rooms or urgent care clinics for medical care for the past 12 months.

10.    The master or central log for Donaldson for the past 12 months.

11.    The log reflecting all maintenance work orders regarding Donaldson for the past 6 months.

12.    All use of force investigations for the past 12 months.

13.    A schedule of inmate disciplinary infractions and possible sanctions.

14.    All requests for protective custody submitted by inmates at Donaldson for the past 12 months.

15.    The classification plan and scoring instruments used at Donaldson.

16.    All documents pertaining to any current or future plan to remove or alter three-man cells at Donaldson.

The above-referenced documents are maintained by the Department in the regular course of business, and their production in advance of the inspection will significantly decrease the amount of time Mr. Martin must spend at the prison.

13

In addition, Plaintiffs will minimize the burden on Defendants by paying for the costs of copying these documents and/or providing personnel for copying, if requested.

**CONCLUSION**

Based on the foregoing facts and argument, Plaintiffs respectfully ask this Court to:

1. grant Plaintiffs' motion for expedited discovery;

2. grant Plaintiffs permission to serve on Defendants the attached Notice of Entry Upon Land and Request for Production of Documents;

3. permit Plaintiffs' security expert, Steve J. Martin, and Plaintiffs' counsel to enter Donaldson Correctional Facility on one day during the week of April 20 or May 11, from 8:00 a.m. to 5:00 p.m., for the purpose of inspecting, photographing, meeting with inmates, and reviewing relevant documents;

4. order Defendants to produce the documents in the attached Request for Production of Documents within 20 days or 5 days prior to the inspection, whichever date is earlier.

Respectfully submitted this 3rd day of April 2009.

                                  SOUTHERN CENTER
FOR HUMAN RIGHTS

**s/Sarah Geraghty**

Sarah Geraghty (GER013)
Melanie Velez
Ga. Bar No. 512460
Lisa Kung
Ga. Bar No. 430302
SOUTHERN CENTER FOR HUMAN RIGHTS
83 Poplar Street, N.W.
Atlanta, Georgia  30303-2122
Tel: (404) 688-1202
Fax: (404) 688-9440
sgeraghty@schr.org
mvelez@schr.org
lkung@schr.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing *Request for Expedited Discovery* upon Defendants by causing a true and correct copy thereof to be delivered by the Court's ECF filing system to Defendants' counsel of record at the following addresses:

> Mr. Kim Thomas
> Mr. Bart Harmon
> Alabama Department of Corrections
> Legal Division
> 301 South Ripley Street
> P.O. Box 301501
> Montgomery, AL  36130
>
> Mr. David Boyd
> Balch & Bingham LLP
> 105 Tallapoosa Street, Suite 200
> Montgomery, AL  36104
>
> This 3rd day of April 2009.

**s/Sarah Geraghty**

Sarah Geraghty (GER013)
Southern Center for Human Rights
83 Poplar Street, N.W.
Atlanta, Georgia  30303-2122
Tel: (404) 688-1202
Fax: (404) 688-9440

*Attorney for the Plaintiffs*

16